IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM E. BRICE, SR., <br>     Plaintiff, <br><br>     v. <br><br> C.F. SAUER COMPANY, <br>     Defendant. | Civil Action No. 3:24CV294 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court pursuant to Federal Rule of Civil Procedure 4(m) and Defendant's request, via special appearance in the case, that the Court dismiss the Amended Complaint for failure to properly serve. For the reasons stated below, the Amended Complaint will be dismissed without prejudice.

**I. PROCEDURAL HISTORY**

The Complaint in this action was filed on April 22, 2024, originally naming "The C.F. Sauer Brands, Inc." and "Falfurrias Capital Partners t/a Sauer Brands, Inc." ("FCP") as Defendants[1] in the case caption. Compl., ECF No. 1.[2] Plaintiff had ninety days—i.e., until July 21, 2024—to complete service. Fed. R. Civ. P. 4(m). On May 1, 2024, Plaintiff submitted Proposed Summonses for The C.F. Sauer Brands, Inc. and FCP, with service addresses for both being that of "C.T. Corporation System." Prop'd Summonses, ECF No. 2. The Clerk's Office issued summonses accordingly, and on May 23, 2024, Plaintiff's process server delivered the

---

[1] The Court notes that the case caption, listing two Defendants, conflicted with the statement of the "Parties" in the body of the Complaint, which only listed "The C.F. Sauer Company (now Sauer Brands, Inc.)" as "the Defendant." Compl. ¶ 4, ECF No. 1. The introduction to the Complaint also referenced only a singular "Defendant." *Id.* at 1.

[2] The Court further notes that the Complaint as originally filed appears identical to the Complaint filed in *Brice v. C.F. Sauer Brands, Inc.*, No. 3:23CV403, which the Court previously dismissed without prejudice for failure to prosecute. *See* Order, *Brice v. C.F. Sauer Brands, Inc.*, No. 3:23CV403 (E.D. Va. Oct. 26, 2023), ECF No. 8.

summonses to "Lauren Phillips, Designated Employee" at the address provided for C.T. Corporation System. *See* Aff. Service, ECF No. 6.

On June 11, 2024, Plaintiff filed an Amended Complaint, ECF No. 4, which altered the Defendants named in the case caption by dropping FCP and amending "The C.F. Sauer Brands, Inc." to "The C.F. Sauer Company." This brought the caption of the case into alignment with the allegations contained in the body of both the original Complaint and the (otherwise unchanged) Amended Complaint. *Compare* Am. Compl. ¶ 4, *with* Compl. ¶ 4 (both identifying "The C.F. Sauer Company" as the Defendant). The Amended Complaint itself continued to identify C.T. Corporation System as the designee for service, *see* Am. Compl. at 1, however the Proposed Summons Plaintiff filed concurrently with the Amended Complaint listed a service address for Defendant of 1700 West Broad Street, Richmond, VA 23220, *see* Prop'd Summons, ECF No. 5. Plaintiff subsequently filed another Proposed Summons, ECF No. 7, which was directed to:

> The C.F. Sauer Company
> c/o Meredith A. Pinson, Esq.
> McGuire Woods, LLP
> 201 N. Tryon Street
> Suite 3000
> Charlotte, NC  28202-2146

The Clerk's Office issued the Summons affiliated with the Amended Complaint on August 23, 2024, using the last-provided (McGuire Woods) address. ECF No. 8.

On September 30, 2024, this Court entered an Order advising Plaintiff that the case would be dismissed unless Plaintiff acted to advance the case by October 8, 2024. ECF No. 9. On October 2, 2024, Plaintiff filed Proof of Service representing that on August 23, 2024, Plaintiff's process server served the summons on Brian Callahan, "who is designated by law to accept service of process on behalf of" Meredith Pinson. ECF No. 10. On October 7, 2024, Plaintiff requested entry of default as to The C.F. Sauer Company. ECF No. 12.

On October 9, 2024, Defendant made a special appearance to oppose the entry of default, in which filing Defendant also requested that the Court dismiss the Amended Complaint for lack of proper service and failure to timely advance the case. ECF No. 13. Plaintiff did not file a reply, instead subsequently filing a Motion for Withdrawal of [Request for] Entry of Default ("Motion"), "in order to cure service." ECF No. 14. Plaintiff demonstrated no good cause for the apparent failure to properly serve Defendant through that point and otherwise presented no opposition to Defendant's request that the Court dismiss the Amended Complaint.

## II. ANALYSIS

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Defendant represents that it was not properly served within 90 days of the Complaint's filing—let alone properly served at all—and requests that the Court dismiss the action. *See generally* Def.'s Opp'n Default J. ("Def.'s Opp'n"), ECF No. 13. For the reasons set forth below, the Court agrees, and, construing the relief requested in Defendant's Opposition as a Motion for the same, the Court will dismiss the action in accordance with Federal Rule of Civil Procedure 4(m).

### A. Calculation of the Service Deadline

To begin with, the Court reaffirms its prior determination that, because Defendant "The C.F. Sauer Company" was named in the original Complaint as "the Defendant"—though admittedly not in the case caption—Plaintiff's amendment to merely correct the case caption should not confer onto Plaintiff an extension of the service period. *See* Order 1, n.1, ECF No. 9. However, the Court accepts Defendant's assertion that, contrary to the Court's recitation in its

3

September 30, 2024 Order, Plaintiff in fact never served *Defendant*. Def.'s Opp'n 2, n.1. Now having the benefit of Defendant's Opposition, the Affidavit filed in support thereof, and having taken judicial notice of available state records regarding the distinct corporate identities of "The C.F. Sauer Company" and "Sauer Brands, Inc." (also having a fictitious name of "The C.F. Sauer Co. (Richmond CI)"), the Court corrects its earlier impression that Defendant was in fact served. Accordingly, Plaintiff had until July 21, 2024, to serve the proper Defendant in this action and did not do so.

But even if the Court *were* to accept that Plaintiff's *de minimis* amendment to the case caption on June 11, 2024, did effectively add a defendant not previously named, resulting in an extended service deadline of September 9, 2024, Plaintiff has nevertheless failed to properly serve Defendant within 90 days of the filing of the Amended Complaint, as well.

## B. Plaintiff's Failure to Serve

A plaintiff may serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by any manner prescribed by Federal Rule of Civil Procedure 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). State law, in this case Virginia law, allows for service on a corporation by personal service to a corporation's officer, director, or registered agent. Va. Code Ann. §§ 8.01-299, 13.1-637.

It appears that Plaintiff's counsel attempted to avail herself of the option provided in Federal Rule 4(e)(2)(C): service upon an authorized agent. However, as Plaintiff conceded in Plaintiff's Motion by way of the request "to withdraw the request for Entry of Default . . . in order

4

to cure service," ECF No. 14, Plaintiff failed to serve Defendant's authorized agent, officer, or director. Neither Ms. Pinson nor C.T. Corporation System are authorized agents of Defendant. *See* Def.'s Opp'n 2–3; Weaver Aff. ¶¶ 9–10, ECF No. 13-1; Weaver Aff. Exs. C, D, ECF No. 13-1 at 12–16. Further, there is no indication that either party is Defendant's officer or director, or that either party was authorized by law or appointment to accept service on behalf of the Defendant. Accordingly, the Court finds that Plaintiff's service to C.T. Corporation System and Ms. Pinson did not comply with Rule 4(e).

The Court also considers that Plaintiff has never moved for additional time to serve the proper Defendant, or to serve Defendant outside of the 90-day service period. Plaintiff had sufficient opportunity to identify the proper parties since the lawsuit was originally filed in 2023 and even has been in communication with Defendant's counsel since that time. *See* Weaver Aff. Yet, Plaintiff has failed to effect proper service and has made no good-cause showing to excuse that failure.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's efforts at service did not comply with Rule 4(e), and the required 90-day service period under Rule 4(m) has long since passed. Moreover, despite the Court's repeated admonitions to advance the litigation (in this case and its predecessor) and Defendant's herein-construed Motion to Dismiss for Failure to Properly Serve, Plaintiff has provided no good cause to justify the laggardly progress of this action and the repeatedly deficient service. Therefore, the Court will grant the Motion to Dismiss and dismiss the Amended Complaint pursuant to Rule 4(m). An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 25, 2024
Richmond, Virginia